**IN THE UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF ARKANSAS**
**PINE BLUFF DIVISION**

JAMES EDWARD SMITH                                                                                  PLAINTIFF
ADC #103093

V.                                                      NO: 5:12CV00409 DPM/HDY

SAMMY D. JOHNSON *et al.*                                                                    DEFENDANTS

**PROPOSED FINDINGS AND RECOMMENDATIONS**

**INSTRUCTIONS**

The following recommended disposition has been sent to United States District Judge D.P.

Marshall Jr.  Any party may serve and file written objections to this recommendation.  Objections

should be specific and should include the factual or legal basis for the objection.  If the objection

is to a factual finding, specifically identify that finding and the evidence that supports your

objection.  An original and one copy of your objections must be received in the office of the United

States District Court Clerk no later than fourteen (14) days from the date of the findings and

recommendations.  The copy will be furnished to the opposing party.  Failure to file timely

objections may result in waiver of the right to appeal questions of fact.

If you are objecting to the recommendation and also desire to submit new, different, or

additional evidence, and to have a hearing for this purpose before the District Judge, you must, at

the same time that you file your written objections, include the following:

1.      Why the record made before the Magistrate Judge is inadequate.

2.      Why the evidence proffered at the hearing before the District
        Judge  (if such a  hearing is granted)  was not  offered at  the
        hearing before the Magistrate Judge.

3.      The detail of any testimony desired to be introduced at the
        hearing before the District Judge in the form of an offer of

proof, and a copy, or the original, of any documentary or
other non-testimonial evidence desired to be introduced at
the hearing before the District Judge.

From this submission, the District Judge will determine the necessity for an additional evidentiary

hearing, either before the Magistrate Judge or before the District Judge.

Mail your objections and "Statement of Necessity" to:

Clerk, United States District Court
Eastern District of Arkansas
600 West Capitol Avenue, Suite A149
Little Rock, AR 72201-3325

## **DISPOSITION**

Plaintiff James Edward Smith, an inmate who is currently incarcerated at the Tucker Unit

of the Arkansas Department of Correction ("ADC"), filed a *pro se* complaint (docket entry #2),

pursuant to 42 U.S.C. § 1983, on October 30, 2012, alleging that he was assaulted by a fellow

inmate on January 29, 2010.

Defendant Sammy Johnson moved to dismiss Plaintiff's complaint, asserting that Plaintiff's

claims were barred by the doctrine of res judicata, because he had already pursued relief before the

Arkansas Claims Commission.  On April 8, 2013, the undersigned recommended partially denying

Johnson's motion based on a lack of clarity as to what the Claims Commission actually decided.

Johnson filed objections, and provided further information (docket entry #19).  Judge

Marshall rejected the recommendation and referred the matter to the undersigned for further

proceedings.  Johnson's objections make clear that Plaintiff has already presented the same claim

before the Arkansas Claims Commission.  A claim is precluded by res judicata if: (1) the initial suit

resulted in final judgment on the merits; (2) the initial suit was based on proper jurisdiction; (3) both

suits are based upon the same claims or causes of action; (3) both suits involve the same parties or

their privies. *In re Anderberg–Lund Printing Co.*, 109 F.3d 1343, 1346 (8th Cir.1997).  Plaintiff's

Claims Commission action was based on proper jurisdiction, resulted in a final judgment on the

merits after a hearing, and involved the same parties or privies.  Thus, principles of res judicata and

collateral estoppel preclude Plaintiff's lawsuit, and Plaintiff cannot re-litigate his claim here.

Although Plaintiff has also objected to the recommendation (docket entry #18), he has offered

nothing to persuade the undersigned that res judicata should not apply.  In fact, Plaintiff conceded

in his complaint that he has already pursued relief before the Claims Commission.  The fact that

Plaintiff is dissatisfied with the result does not provide a basis for re-litigating his claim here.  *See*

*also Steffen v. Housewright*, 665 F.2d 245, 246 (8th Cir. 1981) ("When an administrative agency is

acting in a judicial capacity and resolves disputed issues of fact properly before it which the parties

have had an adequate opportunity to litigate, the courts have not hesitated to apply res judicata to

enforce repose." )

Plaintiff's objections also contain a new request for injunctive relief, which was not part of

his initial complaint.  Plaintiff asserts that Johnson, as well as his incarcerated son, have much

influence in the ADC over officers and inmates alike, and Plaintiff has been harassed and fears

possible future injury.  Plaintiff seeks an order directing his transfer to an Oklahoma prison.  If

Plaintiff wishes to assert a right to a prison transfer, he should bring that claim in another lawsuit.[1]

Because Plaintiff's claims against Johnson should be dismissed, the only remaining

Defendant is T. Dobbs, who, like Johnson, is a correctional officer.[2]  However, Dobbs has not yet

---

[1]Plaintiff is not currently incarcerated at Johnson's unit.

[2]Plaintiff's claims against former Defendants Douglas E. Boultinghouse and Justine M. Minor were dismissed on December 27, 2012 (docket entry #7).

been served, and, in light of the fact that Plaintiff's claims against Dobbs here are also the same as

those he raised against Dobbs in his Claims Commission action, there is no reason to expend further

resources attempting to perfect service upon Dobbs.  Therefore, Plaintiff's claims against Dobbs

should be dismissed as well.  *See* Fed.R.Civ.P. 4(m) (providing for the without prejudice dismissal

of action as to individual Defendant if service not made within 120 days of filing of complaint).

Because Plaintiff's complaint should be dismissed in its entirety, Johnson's pending motion for

leave to take Plaintiff's deposition should be denied as moot.

IT IS THEREFORE RECOMMENDED THAT:

1.     Defendant Sammy D. Johnson's motion to dismiss (docket entry #10) be

GRANTED, and Plaintiff's complaint be DISMISSED.

2.     Plaintiff's complaint be DISMISSED WITHOUT PREJUDICE with respect to his

claims against Defendant T. Dobbs, and his failure to protect claims and potential conditions of

confinement claims against Defendants Douglas E. Boultinghouse and Justine M. Minor.

3.     Plaintiff's complaint be DISMISSED WITH PREJUDICE in all other respects.

4.     All other pending motions be DENIED AS MOOT.

5.     The Court certify that an *in forma pauperis* appeal taken from the order and judgment

dismissing this action is considered frivolous and not in good faith.

DATED this __3__ day of May, 2013.

_____
UNITED STATES MAGISTRATE JUDGE