IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
PINE BLUFF DIVISION

JAMES EDWARD SMITH
ADC # 103093                                                              PLAINTIFF

v.                           No. 5:12-cv-409-DPM-HDY

SAMMY D. JOHNSON, CO-I, Pine Bluff Unit,
ADC; and T. DOBBS, Varner Unit, ADC                     DEFENDANTS

ORDER

The Court has considered Magistrate Judge H. David Young's Proposed Findings and Recommendations, № 21, and Smith's objections, № 22. On *de novo* review, FED. R. CIV. P. 72(b)(3), the Court adopts the proposal as its decision, with a supplement to address Smith's objections.

If the Arkansas Claims Commission had no jurisdiction to decide Smith's § 1983 claim, as he contends, then issue preclusion (sometimes called collateral estoppel) nonetheless bars this claim. *Price v. Harris*, 722 F.2d 427, 428 (8th Cir. 1983) (*per curiam*); *Steffen v. Housewright*, 665 F.2d 245, 247 (8th Cir. 1981) (*per curiam*). Smith cannot bring claims based on the same facts that were litigated and decided against him in court or in a quasi-judicial administrative forum like the Arkansas Claims Commission. *Ibid.* Because his § 1983 claim is based on the same facts as his unsuccessful claim before the

Commission, *compare* № *2 at 4 with* № *19-1 at 3*, issue preclusion exists. If the Commission had jurisdiction, then claim preclusion (sometimes called *res judicata*) bars relitigation because Smith has already litigated and lost on the merits. *United States v. Gurley*, 43 F.3d 1188, 1195-96 (8th Cir. 1994).

Johnson's motion to dismiss, № *10*, is granted. Smith's complaint is dismissed. His claims against Dobbs and his failure-to-protect and conditions-of-confinement claims against Boultinghouse and Minor are dismissed without prejudice; his claims against Johnson are dismissed with prejudice. Motion, № *16*, denied as moot. Smith's motion for copies, № *23*, granted in part and denied in part. Smith requests a copy of his motion for appointment of counsel, which he says he filed around 17 April 2013. That motion does not appear in the docket. The Court directs the Clerk to send Smith one copy of № *5, 6, 16, & 17*, as well as a copy of the current docket sheet. An *in forma pauperis* appeal from this Order and accompanying Judgment would not be taken in good faith.

So Ordered.

*DPMarshall Jr.*
D.P. Marshall Jr.
United States District Judge

20 June 2013