## IN THE UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF ARKANSAS
## PINE BLUFF DIVISION

JAMES EDWARD SMITH
ADC #103093                                                    **PLAINTIFF**

v.                            **No. 5:12-cv-409-DPM-PSH**

SAMMY D. JOHNSON, CO-I,
Pine Bluff Unit, ADC; and
T. DOBBS, Varner Unit, ADC                                    **DEFENDANTS**

## ORDER

**1.** On *de novo* review, the Court adopts Magistrate Judge Harris's careful recommendation, № 71, and overrules Smith's objections, № 74. FED. R. CIV. P. 72(b)(3). This case is more akin to the Eighth Circuit's surprise-attack precedent than to its targeted-threat precedent. *Compare, e.g., Curry v. Crist*, 226 F.3d 974, 978–79 (8th Cir. 2000), *with Young v. Selk*, 508 F.3d 868, 872–74 (8th Cir. 2007). Johnson is entitled to qualified immunity. His motion for summary judgment, № 61, is granted. Smith's claims against Johnson will be dismissed with prejudice.

**2.** Smith moves for default judgment against Dobbs. № 72. But on the current record, it's not clear whether Dobbs was properly served. *№ 56-1 at 2*; FED. R. CIV. P. 4(e)(1); ARK. R. CIV. P. 4(d)(1). The Court asks Smith to review

the Arkansas law on personal service in these circumstances and supplement his motion. *Compare Valley v. Bogard*, 342 Ark. 336, 341–42, 28 S.W.3d 269, 271–72 (2000) (abrogated on other grounds—standard of review in bench trial), *and Riggin v. Dierdorff*, 302 Ark. 517, 520–21, 790 S.W.2d 897, 899 (1990), *with Connally v. Connally*, 95 Ark. App. 42, 47, 233 S.W.3d 168, 171–72 (2006). Do the facts here amount to refusing service? The Court will need to know more about the circumstances and substance of the call mentioned in № 56-1 *at* 2. Among other things: How did the process server identify the caller? Did the server make clear the nature of the documents? Was it Dobbs's house? *See generally*, NEWBERN & WATKINS, ARKANSAS CIVIL PRACTICE & PROCEDURE § 12:6 at 327 (5th ed. 2010). Supplement and supporting materials on these points due by 15 September 2017.

**3.** If Smith's claims against Dobbs proceed to jury trial on the merits or on damages, then that trial will be on Monday, 26 February 2018. Given the age of this case, no continuances will be granted absent extraordinary circumstances. The Court will enter a Final Scheduling Order soon.

**4.** The Court returns this case to Magistrate Judge Harris for further proceedings.

-2-

So Ordered.

_____

D.P. Marshall Jr.
United States District Judge

_25 August 2017_